**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT RUMSEY, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. _______________ |
| v. | JURY TRIAL DEMANDED |
| COTY INC., PETER HARF, PIERRE LAUBIES, SABINE CHALMERS, JOACHIM FABER, OLIVIER GOUDET, ANNA-LENA KAMENETZKY, ERHARD SCHOEWEL, ROBERT SINGER, and PAUL S. MICHAELS, | CLASS ACTION |
| Defendants. | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a tender offer (the "Tender Offer") commenced by JAB Holding Company S.à r.l. and its affiliates (together, "JAB") on February 13, 2019 to purchase up to 150,000,000 of the outstanding shares of Coty Inc. ("Coty" or the "Company") at a price of $11.65 per share (the "Proposed Transaction").

2. The Tender Offer is currently set to expire on April 15, 2019.

3. On March 18, 2019, Coty filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Coty common stock.

9. Defendant Coty is a Delaware corporation and maintains its principal executive offices at 350 Fifth Avenue, New York, New York 10118. Coty's common stock is traded on the NYSE under the ticker symbol "COTY."

10. Defendant Peter Harf ("Harf") is Chairman of the Board of Coty. Harf is also Managing Partner and Chairman of JAB and Managing Director of Lucresca SE and Agnaten SE.

11. Defendant Pierre Laubies is Chief Executive Officer ("CEO") and a director of the Company.

12. Defendant Sabine Chalmers ("Chalmers") is a director of the Company. Chalmers is a member of the so-called special committee of the Board (the "Special Committee").

13. Defendant Joachim Faber ("Faber") is a director of the Company. Faber is also Chairman of the Shareholder Committee of JAB Holding Company s.á.r.l.

14. Defendant Olivier Goudet ("Goudet") is a director of the Company. Goudet is also Managing Partner and CEO of JAB.

15. Defendant Anna-Lena Kamenetzky ("Kamenetzky") is a director of the Company. Kamenetzky is also a Partner and Head of Business Development of JAB Holding Company and Co-Head of JAB Consumer Fund.

16. Defendant Erhard Schoewel ("Schoewel") is a director of the Company. Schoewel is a member of the Special Committee.

17. Defendant Robert Singer ("Singer") is a director of the Company. Singer is a member of the Special Committee.

18. Defendant Paul S. Michaels is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Non-party Cottage Holdco B.V. is a private limited liability company organized under the laws of the Netherlands and a wholly-owned subsidiary of JAB Cosmetics B.V.

21. Non-party JAB Cosmetics B.V. is a private limited liability company organized under the laws of the Netherlands.

22. Non-party JAB Holdings B.V. is a private limited liability company organized under the laws of the Netherlands and the parent company of JAB Cosmetics B.V.

23. Non-party Agnaten SE is a private company incorporated under the laws of Austria and an indirect stockholder of JAB Holdings B.V.

24. Non-party Lucresca SE is a private company incorporated under the laws of Austria and an indirect stockholder of JAB Holdings B.V.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Coty (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

26. This action is properly maintainable as a class action.

27. The Class is so numerous that joinder of all members is impracticable. As of March 11, 2019, there were approximately 751,388,110 shares of Coty common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

32. Coty is one of the world's largest beauty companies with over $9 billion in revenue and an iconic portfolio of brands.

33. As the global leader in fragrance, a strong number two in professional salon hair color and styling, and number three in color cosmetics, Coty operates three divisions: (i) Consumer Beauty, which is focused on mass color cosmetics, mass retail hair coloring and styling products, body care, and mass fragrances with brands such as COVERGIRL, Max Factor, Sally Hansen, and Rimmel; (ii) Luxury, which is focused on prestige fragrances and skincare with brands such as Calvin Klein, Burberry, Marc Jacobs, Hugo Boss, Gucci, and philosophy; and (iii) Professional Beauty, which is focused on servicing salon owners and professionals in both hair and nail, with brands such as Wella Professionals, Sebastian Professional, OPI, and ghd.

34. Coty has approximately 20,000 colleagues globally and its products are sold in over 150 countries.

35.     On February 12, 2019, JAB issued a press release stating that it would commence the Tender Offer "shortly." The press release provided:

> JAB, a global investment firm focused on long-term investing in premium brands in consumer goods and services, today announced that an affiliate will shortly commence a tender offer pursuant to which JAB Cosmetics B.V. would acquire up to 150 million additional shares of Coty Inc. (NYSE:COTY) Class A common stock at a price of $11.65 per share in cash. The offer is subject to, among other things, approval of Coty's independent directors.
>
> The key terms of the offer are contained in the full text of the letter delivered to the Coty Board of Directors by JAB which is included below:
>
> February 12, 2019
>
> Coty Inc.
> 350 Fifth Avenue
> New York, NY
> Attention: Board of Directors
>
> Members of the Board of Directors:
>
> On behalf of JAB Holding Company S.à r.l. ("JAB"), we are pleased to advise you that we are commencing shortly a tender offer, pursuant to which we would acquire up to 150 million shares of Class A common stock (the "Common Stock") of Coty Inc. (the "Company") at a price per share of $11.65 in cash (the "Offer"). The Offer represents a premium of approximately 38% to the 90-day volume-weighted average share price as of yesterday, a premium of approximately 51% to the 30-day volume-weighted average share price as of yesterday, and approximately a 21% premium to yesterday's closing share price. If shareholders tender more than 150 million shares of Common Stock, we will purchase such shares on a pro rata basis.
>
> We at JAB have been investors in the Company for almost three decades and expect to remain so. We believe that the Company has the potential to address its challenges and prosper over the long-term, and that the Company's recent management changes are an important first step in addressing the Company's recent performance.
>
> We understand that not all investors may share our long-term approach and we expect that shareholders will value the opportunity to obtain a significant premium for their shares in the Offer, even taking into account the recent strong increase in the Company's share price. At the same time, we appreciate that some shareholders will want to participate in the Company's long-term potential value by retaining some or all of their shares in the Company after the Offer.

It is our expectation that the members of the Board of Directors who are determined to be independent for purposes of considering our Offer, advised by independent counsel and financial advisors of their choosing, will consider our proposal in the interests of all shareholders, determine the Company's course of action in response and make a recommendation to the Company's shareholders as required by applicable law. We believe that our offer is very full and compelling, but if the independent directors do not have a similar view, we will not proceed with the Offer.

The Offer is subject to certain conditions, including that the independent directors of the Company approve the Offer and recommend that the Company's shareholders accept the Offer (the "Board Approval Condition"). We, of course, would be pleased to meet with the independent directors or their advisors to provide any additional information necessary to assist the directors in their deliberations.

The Offer is also subject to other customary conditions, as well as the condition that at least 50 million shares of Common Stock are validly tendered and not withdrawn (the "Minimum Tender Condition"). The Offer is not subject to a financing condition. We have sufficient financial resources to consummate the Offer, including debt commitments from BNP Paribas, HSBC Bank plc and UniCredit Bank AG for all funds required to purchase the maximum number of shares in the Offer.

If all 150 million shares of Common Stock are purchased in the Offer, we would own, together with our current shareholdings, an aggregate of 450,908,041 shares of Common Stock, representing approximately 60% of the issued and outstanding shares of Common Stock. If 50 million shares of Common Stock are purchased in the Offer, which represents the number of shares of Common Stock necessary to satisfy the Minimum Tender Condition, we would own an aggregate of 350,908,041 shares of Common Stock, representing approximately 47% of the issued and outstanding shares of Common Stock.
JAB believes it is in everyone's interest to complete the transaction expeditiously, which includes working with the Company to make the required regulatory filings with the relevant governmental authorities for the Offer. We do not anticipate any substantive competition issues.

We are pleased to provide what we believe is an attractive opportunity to our fellow shareholders and look forward to hearing from you.

Sincerely,

Peter Harf
Chairman, JAB

36. Individual Defendant Harf, who signed the letter on behalf of JAB, is also Chairman of Coty.

37. The next day, JAB commenced the Tender Offer.

38. At the time JAB commenced the Tender Offer, JAB owned 300,908,041 shares of Coty, or approximately 40% of the issued and outstanding shares of the Company.[1]

39. JAB has expressed that it is not willing to support the sale of Coty to an unaffiliated third party, and is not interested in acquiring all of the outstanding shares of the Company.

40. On February 15, 2019, Coty issued a press release stating that it formed the Special Committee. The press release provided:

> Coty Inc. (the "Company") (NYSE:COTY) today confirmed that on February 13, 2019 (the "Commencement Date"), JAB Holding Company S.à r.l. ("JAB" and, together with the affiliates of JAB (other than the Company), the "JAB Group") commenced its previously announced tender offer, pursuant to which an affiliate of JAB Group would acquire up to 150 million additional shares of the Company's Class A common stock at a price of $11.65 per share in cash (the "Tender Offer").
>
> The Board of Directors (the "Board") of the Company has formed a special committee of disinterested, independent directors (the "Special Committee") to evaluate the Tender Offer. Members of the Special Committee are Sabine Chalmers, Erhard Schoewel and Robert Singer.
>
> Consistent with its fiduciary duties and in consultation with its financial and legal advisors, the Special Committee will thoroughly review and evaluate the Tender Offer to determine a course of action it believes is in the best interest of the Company's stockholders. The Board will not move forward with approving or recommending the Tender Offer or any other transaction with JAB Group unless it is approved by the Special Committee.
>
> The Special Committee will inform the Board of whether it recommends stockholders accept or reject the Tender Offer, or whether it expresses no opinion and remains neutral toward the Tender Offer, at which point JAB Group will determine whether or not to proceed with the Tender Offer. The Company will notify stockholders of the Special Committee's formal recommendation, within ten business days of the Commencement Date by filing with the Securities and Exchange Commission a solicitation/recommendation statement on Schedule 14D-9. The Company's stockholders are advised to take no action at this time pending the review of the Tender Offer by the Special Committee.

41. On February 27, 2019, the Company issued a press release providing that it filed a

---

[1] As of March 11, 2019, there were approximately 751,388,110 shares of Coty common stock outstanding.

preliminary solicitation/recommendation with the SEC in connection with the Tender Offer, which stated:

> Coty Inc. (the "Company") (NYSE:COTY) today announced that it has filed its initial Solicitation/Recommendation Statement on Schedule 14D-9 with the Securities and Exchange Commission ("SEC") in connection with the tender offer (the "Offer") commenced on February 13, 2019 by Cottage Holdco B.V. (the "Offeror"), an affiliate of JAB Holding Company S.à r.l. ("JAB" and, together with the affiliates of JAB (other than the Company), the "JAB Group"). Pursuant to the Offer, the Offeror would acquire up to 150 million additional shares of the Company's Class A common stock at a price of $11.65 per share in cash.
>
> As previously announced, the Board of Directors of the Company formed a special committee of disinterested, independent directors (the "Special Committee") to evaluate the Offer. The Special Committee has stated that it is unable to take a position with respect to the Offer at the present time because it has not yet completed a full and deliberate review and evaluation of the material terms and provisions of the Offer and the prospects of the Company with the Special Committee's financial and legal advisors.
>
> The Special Committee has engaged Centerview Partners LLC as its financial advisor and Sidley Austin LLP and Richards, Layton & Finger, P.A. as its legal advisors. The Special Committee is continuing to review and evaluate the Offer and expects that after it has completed its review and evaluation, it will cause the Company to inform stockholders of the Special Committee's position, if any, with respect to the Offer.
>
> The Special Committee requests that stockholders of the Company take no action and not tender their shares of Class A Common Stock in the Offer at the current time, and instead defer making a determination of whether to accept or reject the Offer until stockholders are advised of the Special Committee's position or recommendation, if any, with respect to the Offer.

42. On March 18, 2019, the Company issued a press release stating that it filed the Solicitation Statement with the SEC in connection with the Tender Offer, which recommended that the Company's stockholders tender their shares pursuant to the Tender Offer:

> Coty Inc. (the "Company" or "Coty") (NYSE: COTY) today announced that it has filed an amendment to its Solicitation/Recommendation Statement on Schedule 14D-9 with the Securities and Exchange Commission (the "SEC") in connection with the tender offer (the "Offer") commenced on February 13, 2019 by Cottage Holdco B.V. ( "Cottage"), an affiliate of JAB Holding Company S.à r.l. Pursuant to the Offer, Cottage would acquire up to 150 million shares of the Company's

Class A common stock (the "Shares") at a price of $11.65 per share in cash. The Company also announced today that it has entered into a Stockholders Agreement (the "Stockholders Agreement") with Cottage, JAB Holdings B.V. and JAB Cosmetics B.V. (the "JAB Group") containing provisions that would become effective upon a consummation of the Offer and that are intended to enhance the potential for Coty stockholders following the consummation of the Offer to participate in the potential value creation that could result from Company management's execution of its anticipated new strategic plan and to receive a premium for the purchase of their Shares in the event of future strategic transactions involving the Company's common equity.

As stated in the amendment to Schedule 14D-9 being filed by the Company on March 18, 2019, which is being disseminated to its stockholders (the "Schedule 14D-9"), the previously formed special committee of disinterested, independent directors (the "Special Committee") of the Board of Directors of the Company (the "Board"), based, among other things, on its consideration and evaluation of the Offer and the proposed Stockholders Agreement and subject to the terms and conditions thereof, has unanimously determined that the making of the Offer and the execution and delivery of the Stockholders Agreement are advisable and in the best interests of the stockholders of the Company (other than the JAB Group and its affiliates). Therefore, the Special Committee recommends that stockholders of the Company who, after having considered all of the factors set forth in the "Reasons for the Recommendation" section of the Schedule 14D-9, determine it is in their personal interest to sell all or a portion of their Shares at this time accept the Offer and tender their Shares pursuant to the Offer.

As further stated in the Schedule 14D-9, the Board (other than the directors who recused themselves from making a decision with respect to the Offer and Stockholders Agreement), based upon the determination and recommendation of the Special Committee, has unanimously determined that the making of the Offer and entering into the Stockholders Agreement are advisable and in the best interests of the stockholders of the Company (other than the JAB Group and its affiliates) and recommends that stockholders of the Company who, after having considered all of the factors set forth in the "Reasons for the Recommendation" section of the Schedule 14D-9, determine it is in their personal interest to sell all or a portion of their Shares at this time accept the Offer and tender their shares pursuant to the Offer.

Centerview Partners LLC is acting as financial advisor and Sidley Austin LLP and Richards, Layton & Finger, P.A. are acting as legal advisors to the Special Committee.

The Offer remains subject to various closing conditions, including the receipt of regulatory approvals and clearances, the satisfaction of the Minimum Tender Condition (as defined in Cottage's tender offer materials) and other conditions stated in the tender offer materials.

43. On April 1, 2019, the Company issued a press release providing that the expiration of the Tender Offer was extended from its original expiration date of March 29, 2019 to April 15, 2019:

> Coty Inc. (the "Company" or "Coty") (NYSE: COTY) notes the extension of the tender offer (the "Offer") by Cottage Holdco B.V. ("Offeror"), an affiliate of JAB Holding Company S.à r.l. ("JAB"), to purchase up to 150,000,000 shares of the Company's Class A common stock (the "Shares") at a price of $11.65 per share in cash.
>
> The Company has been informed by Offeror that the expiration date of the Offer has been extended by Offeror from 5:00 P.M., New York City Time, on March 29, 2019 to 5:00 P.M., New York City Time, on April 15, 2019, subject to the further extension or earlier termination of the Offer by Offeror.
>
> The Offer remains subject to various closing conditions stated in Offeror's tender offer materials, including the receipt of regulatory approvals, clearances and applicable waiting periods. As of April 1, 2019, Offeror has informed the Company that required regulatory approvals, clearances or applicable waiting periods have been received or expired in Brazil, Canada, China, the European Union, Mexico, South Africa, Turkey, Ukraine, the United Kingdom and the United States. Regulatory clearance in Russia remains outstanding.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

44. Coty filed the Solicitation Statement with the SEC in connection with the Proposed Transaction, which recommended that the Company's stockholders tender their shares pursuant to the Tender Offer.

45. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

46. The Solicitation Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview").

47. With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) unlevered free cash flows and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

48. With respect to Centerview's Selected Public Company Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Centerview in the analysis.

49. With respect to Centerview's Selected Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Centerview in the analysis.

50. With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) unlevered free cash flows and all underlying line items; (ii) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 9.0% and the perpetuity growth rates ranging from 2.0% to 3.0%; (iii) the range of illustrative terminal values of the Company; (iv) the Company's estimated net debt; and (v) the number of fully-diluted outstanding shares.

51. With respect to Centerview's Analyst Price Targets Analysis, the Solicitation Statement fails to disclose the individual price targets observed by Centerview in the analysis.

52. With respect to Centerview's Illustrative Sum-of-the-Parts Analysis, the Solicitation Statement fails to disclose the value of and data for the Company's individual business segments, including the Company's Luxury, Consumer Beauty, and Professional Beauty businesses as used by Centerview in the analysis.

53. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

54. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

55. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

58. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

59. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

60. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

61. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

62. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

63. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

64. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

65. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

66. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. Section 14(d)(4) of the 1934 Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

69. Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

70. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

71. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

72. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

73. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants)**

74. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

75. The Individual Defendants acted as controlling persons of Coty within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Coty and participation in and/or awareness of the Company's operations and/or intimate knowledge of

the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

76. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

77. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

78. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

79. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

80. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

81. Plaintiff and the Class have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: April 9, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com